UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,

    Plaintiff,

v.                                                Case No. 3:16cv447-MCR-CJK

WORKFORCE FLORIDA, et al.,

    Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

    This matter is before the court on plaintiff's civil rights complaint (doc. 1) and motion to proceed *in forma pauperis* (doc. 3). After careful consideration, the undersigned concludes this case should be dismissed for plaintiff's failure to state a claim upon which relief can be granted.

    The complaint names five defendants: (1) Workforce Florida; (2) Wohler, a Deputy Sheriff with the Escambia County Sheriff's Department; (3) Henry Martin, an employee of Workforce Escarosa; (4) Mr. Flora, a manager with Workforce Escarosa; and (5) the Escambia County Sheriff's Department. The complaint contains the factual allegations that follow.

    Plaintiff regularly goes "to Workforce to look for jobs." On two or three occasions, "Henry in the computer room" told plaintiff she is too loud when she asks

for her pen number.  Plaintiff does not believe she is too loud.  Henry "stops everything, gets real dramatic, shrugs his head, puts his hands on his ears.  He acts like it's the funniest thing in the world to do this and its irritating to" plaintiff. Plaintiff went to the desk and told Wohler about Henry's actions.  Wohler "went into the computer room and asked if anyone saw that and then came back in and said nothing happened."  Plaintiff "also complained to Margaret."  In addition, "another man that works there brushed his hands on [plaintiff's] hands[.]"  Plaintiff asserts she was "told to take the day off by Mr. Flora after complaining about sexual harassment."  On May 21, 2015, "after 3 previous complaints, [plaintiff] was trespassed only by Deputy Wohler after complaining about [her] unequal treatment with people yelling to get their pin car.  [Wohler] dramatically made false claims, 'Did anyone see anything.'"

> Plaintiff asserts the defendants violated:
>
> Title VI of the Civil Rights Act of 1964, IX Conspiracy Against Rights 18 USC 241 & 242. Violent Interference to federal protected Right 18 USC. 248 . . . War Crimes Act 2441, 18 USC 241 & 242, Title II Injunctive relief through the Civil Rights Act of 1964, Title 42 U.S.C. Section 14141, 18 USC. 1001.

As relief, plaintiff seeks:

> Two million dollar injunctive relief for creating genocide through false premises.  Written during constant illegal events of criminal and civil disorders beginning Aug 20, 2012 with known false.  Demand for hearing!  Emergency contact the Attorney General for promotion of civil disorders and genocide.

Case No. 3:16cv447-MCR-CJK

Although plaintiff asserts the defendants' actions violated a variety of federal statutes, it is evident she has utterly failed to allege facts showing she is entitled to relief, or that, on these facts, she could cure the deficiency by amendment. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]").  The mere fact plaintiff feels irritated or aggrieved by the actions of others does not provide a basis for a civil rights lawsuit.  The complaint, therefore, should be dismissed.

Of note, plaintiff has an extensive history of filing meritless lawsuits in federal court.  Since March 10, 2015, plaintiff has filed twenty-three complaints.  Sixteen of the twenty-three complaints have been dismissed before service, including fourteen in the Northern District of Florida.  *See Brewer v. Gonzalez*, Case No. 3:16cv91-MCR-CJK (case dismissed); *Brewer v. State of Oklahoma*, Case No. 3:16cv48-MCR-EMT (case dismissed without prejudice as abusive of the judicial process); *Brewer v. Pensacola Police Dep't*, Case No. 3:16cv30-MCR-EMT (case dismissed without prejudice as abusive of the judicial process); *Brewer v. City of Gulf Breeze*, Case No. 3:15cv573-RV-EMT (case dismissed); *Brewer v. Pensacola Police Dep't*, Case No. 3:15cv567-MCR-EMT (federal claims dismissed with prejudice for failure to state a claim and state law claims dismissed without prejudice); *Brewer v. U.S. Attorney's Security*, Case No. 3:15cv563-MRC-CJK (case dismissed for failure to

state a claim); *Brewer v. U.S. Marshals Courthouse Security*, Case No. 3:15cv497-MCR-EMT (federal claims dismissed with prejudice as frivolous and for lack of jurisdiction; state law claims dismissed without prejudice); *Brewer v. City of Gulf Breeze*, Case No. 3:15cv489-MCR-EMT (federal claims dismissed with prejudice as frivolous and state law claims dismissed without prejudice); *Brewer v. Pensacola Police Dep't*, Case No. 3:15cv469-MCR-CJK (case dismissed without prejudice for plaintiff's failure to state a claim upon which relief can be granted); *Brewer v. Willis*, Case No. 3:15cv183-RV-EMT (case dismissed without prejudice for plaintiff's failure to comply with an order of the court); *Brewer v. Bodenhausen*, Case No. 3:15cv154-RV-EMT (case dismissed with prejudice for failure to state a claim); *Brewer v. Nelson*, Case No. 3:15cv145-MCR-EMT (federal claims dismissed with prejudice for failure to state a claim upon which relief can be granted and state law claims dismissed without prejudice); *Brewer v. Morgan*, Case No. 3:15cv132-RV-EMT (case dismissed without prejudice as frivolous and for failure to state a claim); *Brewer v. Meadows*, Case No. 3:15cv95-RV-EMT (federal claims dismissed with prejudice for failure to state a claim and state law claims dismissed without prejudice). Two other complaints were dismissed before service in the Northern District of Oklahoma. *See Brewer v. Weaver*, Case No. 4:15cv139-CVE-TLW (N.D. Okla. Apr. 10, 2015) (dismissing complaint after finding plaintiff failed to allege a colorable federal claim and her state law claims were precluded by Oklahoma law

and the doctrine of standing); *Brewer v. Gore*, Case No. 4:15cv140-GKF-PJC (N.D. Okla. Mar. 27, 2015) (dismissing complaint for failure to state a claim and for seeking monetary relief against defendants who are immune from such relief).

In addition to the present case, six other actions remain pending with this court. *See Brewer v. Federal Bureau of Investigations*, Case No. 3:16cv460-MCR-CJK; *Brewer v. Morgan*, Case No. 3:16cv457-MCR-GRJ; *Brewer v. Escambia County Courts*, Case No. 3:16cv72-MCR-EMT; *Brewer v. Area Housing Comm'n*, Case No. 3:15cv500-MCR-EMT; *Brewer v. City of Pensacola*, Case No. 3:15cv484-MCR-EMT; *Brewer v. Escambia Cty. Sheriff's Dep't*, Case No. 3:15cv89-MCR-CJK. Although these cases have not been resolved, many contain allegations similar to those of the dismissed cases and thus are of doubtful merit. Plaintiff's habit of filing meritless lawsuits disrupts the court's docket and hinders its ability to process meritorious claims filed by other litigants. This particular plaintiff—perhaps for reasons beyond her control—seems to view the federal courts as some sort of complaint box or depository for all of life's grievances, rather than a forum for resolution of real disputes. No useful purpose could be served by allowing this clearly frivolous matter to proceed further.

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (doc. 3) is GRANTED.

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 16th day of September, 2016.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:16cv447-MCR-CJK